1 | **Michael L. Wroniak, Esq. (State Bar No. 210413)**
2 | **Robin M. Nagele (State Bar No. 323209)**
**COLLINS + COLLINS LLP**
3 | **750 The City Drive, Suite 400**
**Orange, CA 92868**
4 | **(714) 823-4100 - FAX (714) 823-4101**
5 | **Email:  mwroniak@ccllp.law**
**Email:  rnagele@ccllp.law**
6 |
7 | Attorneys for Defendants
CITY OF SIERRA MADRE, OFFICER SHAW, and GRANT CADZOW
8 |
9 | **James Do Kim (SBN 231038)**
**LAW OFFICES OF DO KIM, APLC**
10 | **3435 Wilshire Boulevard, Suite 2700**
**Los Angeles, CA 90010**
11 | **(213) 251-5440**
**Email: dkim@dokimlaw.com**
12 |
13 |
14 | Attorney for Plaintiff
MARCUS ALEXANDER MURCHINSON
15 |

16 | **UNITED STATES DISTRICT COURT**

17 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| MARCUS ALEXANDER MURCHINSON, | CASE NO. 2:22−cv−08099 DMG(AGRx) |
| | ***Assigned to Hon. Dolly M. Gee in Ctrm. 8C*** |
| Plaintiff, | Magistrate Judge Alicia G. Rosenberg |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| CITY OF SIERRA MADRE; OFFICER SHAW; GRANT CADZOW; and DOES 1 through 10, | **Complaint Filed:   11/04/2022** |
| | **Trial Date:         04/22/2025** |
| Defendants. | |

27 | ///
28 | ///

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

*23866*

1

1. A. PURPOSES AND LIMITATIONS[1]

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action arises from the September 6, 2021 arrest of Plaintiff by officers of the Sierra Madre Police Department. Plaintiff alleges causes of action for negligence and intentional infliction of emotional distress. He further alleges causes of action for false arrest and imprisonment, false evidence, and supervisory liability pursuant to 42 U.S.C. § 1983.

As explained below, this action is likely to involve confidential materials protected by California Evidence Code section 1040, the official information privilege, or other state or federal statutes, court rules, case decisions, or common law prohibiting or limiting dissemination and disclosure. Additionally, this action may involve other proprietary information concerning police practices and security protocols for which special protection from public disclosure and from use for any purpose other than

---

[1] This stipulated protective order is substantially based on the model protective order published and used throughout the Central District.

23866

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1   prosecution of this action is warranted.

2   In terms of discovery, Defendants anticipate that a protective order will be

3   necessary in connection with the following items of evidence: 1) personnel and

4   administrative records of peace officers; 2) law enforcement investigative records

5   which reveal the identify of third-party witnesses; and 3) such other evidence for which

6   dissemination should be limited for use in this action only.

7   Accordingly, to expedite the flow of information, to facilitate the prompt

8   resolution of disputes over confidentiality of discovery materials, to adequately protect

9   information the parties are entitled to keep confidential, to ensure that the parties are

10  permitted reasonable necessary uses of such material in preparation for and in the

11  conduct of trial, to address their handling at the end of the litigation, and serve the ends

12  of justice, a protective order for such information is justified in this matter. It is the

13  intent of the parties that information will not be designated as confidential for tactical

14  reasons and that nothing be so designated without a good faith belief that it has been

15  maintained in a confidential, non-public manner, and there is good cause why it should

16  not be part of the public record of this case.

17  2.   DEFINITIONS

18  2.1   Action: Marcus Alexander Murchinson v. City of Sierra Madre, et al.

19  2.2   Challenging Party: a Party or Non-Party that challenges the designation of

20  information or items under this Order.

21  1.3   "CONFIDENTIAL" Information or Items: information (regardless of how

22  it is generated, stored or maintained) or tangible things that qualify for protection under

23  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

24  Statement.

25  1.4   Counsel: Counsel of Record and House Counsel (as well as their

26  support staff).

27  ///

28  ///

*23866*

**STIPULATED PROTECTIVE ORDER**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1.5   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>1.7</u>   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.      DURATION

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

///

*23866*

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1    Mass, indiscriminate or routinized designations are prohibited. Designations that

2    are shown to be clearly unjustified or that have been made for an improper purpose

3    (e.g., to unnecessarily encumber the case development process or to impose

4    unnecessary expenses and burdens on other parties) may expose the Designating Party

5    to sanctions.

6    If it comes to a Designating Party's attention that information or items that it

7    designated for protection do not qualify for protection, that Designating Party must

8    promptly notify all other Parties that it is withdrawing the inapplicable designation.

9    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

10   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

11   ordered, Disclosure or Discovery Material that qualifies for protection under this Order

12   must be clearly so designated before the material is disclosed or produced.

13   Designation in conformity with this Order requires:

14   (a)    for information in documentary form (e.g., paper or electronic documents,

15   but excluding transcripts of depositions or other pretrial or trial proceedings), that the

16   Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

17   "CONFIDENTIAL legend"), to each page that contains protected material. If only a

18   portion of the material on a page qualifies for protection, the Producing Party also must

19   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

20   margins).

21   A Party or Non-Party that makes original documents available for inspection

22   need not designate them for protection until after the inspecting Party has indicated

23   which documents it would like copied and produced. During the inspection and before

24   the designation, all of the material made available for inspection shall be deemed

25   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

26   copied and produced, the Producing Party must determine which documents, or

27   portions thereof, qualify for protection under this Order. Then, before producing the

28   specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

*23866*

**STIPULATED PROTECTIVE ORDER**

1   each page that contains Protected Material. If only a portion of the material on a page

2   qualifies for protection, the Producing Party also must clearly identify the protected

3   portion(s) (e.g., by making appropriate markings in the margins).

4        (b)    for testimony given in depositions that the Designating Party identifies the

5   Disclosure or Discovery Material on the record, before the close of the deposition all

6   protected testimony.

7        (c)    for information produced in some form other than documentary and for

8   any other tangible items, that the Producing Party affix in a prominent place on the

9   exterior of the container or containers in which the information is stored the legend

10   "CONFIDENTIAL." If only a portion or portions of the information warrants

11   protection, the Producing Party, to the extent practicable, shall identify the protected

12   portion(s).

13        5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure

14   to designate qualified information or items does not, standing alone, waive the

15   Designating Party's right to secure protection under this Order for such material. Upon

16   timely correction of a designation, the Receiving Party must make reasonable efforts to

17   assure that the material is treated in accordance with the provisions of this Order.

18   6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

19        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

20   designation of confidentiality at any time that is consistent with the Court's Scheduling

21   Order.

22        <u>6.2</u>    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

23   resolution process under Local Rule 37.1 et seq.

24        6.3    The burden of persuasion in any such challenge proceeding shall be on the

25   Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

26   to harass or impose unnecessary expenses and burdens on other parties) may expose the

27   Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn

28   the confidentiality designation, all parties shall continue to afford the material in

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

*23866*

1    question the level of protection to which it is entitled under the Producing Party's

2    designation until the Court rules on the challenge.

3    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1    Basic Principles. A Receiving Party may use Protected Material that is

5    disclosed or produced by another Party or by a Non-Party in connection with this

6    Action only for prosecuting, defending or attempting to settle this Action. Such

7    Protected Material may be disclosed only to the categories of persons and under the

8    conditions described in this Order. When the Action has been terminated, a Receiving

9    Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

10       Protected Material must be stored and maintained by a Receiving Party at a

11   location and in a secure manner that ensures that access is limited to the persons

12   authorized under this Order.

13       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

14   ordered by the court or permitted in writing by the Designating Party, a Receiving Party

15   may disclose any information or item designated "CONFIDENTIAL" only to:

16       (a) the Receiving Party's Outside Counsel of Record in this Action, as

17   well as employees of said Outside Counsel of Record to whom it is reasonably

18   necessary to disclose the information for this Action;

19       (b) the officers, directors, and employees (including House Counsel) of the

20   Receiving Party to whom disclosure is reasonably necessary for this Action;

21       (c) Experts (as defined in this Order) of the Receiving Party to whom

22   disclosure is reasonably necessary for this Action and who have signed the

23   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (d) the court and its personnel;

25       (e) court reporters and their staff;

26       (f) professional jury or trial consultants, mock jurors, and Professional

27   Vendors to whom disclosure is reasonably necessary for this Action and who have

28   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

23866

8

STIPULATED PROTECTIVE ORDER

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) the parties.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LIGITATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

///

23866

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1    If the Designating Party timely seeks a protective order, the Party served with the

2    subpoena or court order shall not produce any information designated in this action as

3    "CONFIDENTIAL" before a determination by the court from which the subpoena or

4    order issued, unless the Party has obtained the Designating Party's permission. The

5    Designating Party shall bear the burden and expense of seeking protection in that court

6    of its confidential material and nothing in these provisions should be construed as

7    authorizing or encouraging a Receiving Party in this Action to disobey a lawful

8    directive from another court.

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

10   IN THIS LITIGATION

11   (a) The terms of this Order are applicable to information produced by a Non-

12   Party in this Action and designated as "CONFIDENTIAL." Such information produced

13   by Non-Parties in connection with this litigation is protected by the remedies and relief

14   provided by this Order. Nothing in these provisions should be construed as prohibiting

15   a Non-Party from seeking additional protections.

16   (b) In the event that a Party is required, by a valid discovery request, to produce a

17   Non-Party's confidential information in its possession, and the Party is subject to an

18   agreement with the Non-Party not to produce the Non-Party's confidential information,

19   then the Party shall:

20   (1) promptly notify in writing the Requesting Party and the Non-Party that

21   some or all of the information requested is subject to a confidentiality agreement with a

22   Non-Party;

23   (2) promptly provide the Non-Party with a copy of the Stipulated

24   Protective Order in this Action, the relevant discovery request(s), and a reasonably

25   specific description of the information requested; and

26   (3) make the information requested available for inspection by the Non-

27   Party, if requested.

28   ///

23866

STIPULATED PROTECTIVE ORDER

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1    (c) If the Non-Party fails to seek a protective order from this court within 14 days

2    of receiving the notice and accompanying information, the Receiving Party may

3    produce the Non-Party's confidential information responsive to the discovery request. If

4    the Non-Party timely seeks a protective order, the Receiving Party shall not produce

5    any information in its possession or control that is subject to the confidentiality

6    agreement with the Non-Party before a determination by the court. Absent a court order

7    to the contrary, the Non-Party shall bear the burden and expense of seeking protection

8    in this court of its Protected Material.

9    10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

10    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11    Protected Material to any person or in any circumstance not authorized under this

12    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

13    the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

14    all unauthorized copies of the Protected Material, (c) inform the person or persons to

15    whom unauthorized disclosures were made of all the terms of this Order, and (d)

16    request such person or persons to execute the "Acknowledgment and Agreement to Be

17    Bound" that is attached hereto as Exhibit A.

18    11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

19    <u>PROTECTED MATERIAL</u>

20    When a Producing Party gives notice to Receiving Parties that certain

21    inadvertently produced material is subject to a claim of privilege or other protection, the

22    obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil</u>

23    <u>Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure

24    may be established in an e-discovery order that provides for production without prior

25    privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

26    parties reach an agreement on the effect of disclosure of a communication or

27    information covered by the attorney-client privilege or work product protection, the

28    parties may incorporate their agreement in the stipulated protective order submitted to

**COLLINS + COLLINS** LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1  the court.

2  12.    MISCELLANEOUS

3      12.1    Right to Further Relief. Nothing in this Order abridges the right of any

4  person to seek its modification by the Court in the future.

5      12.2    Right to Assert Other Objections. By stipulating to the entry of this

6  Protective Order, no Party waives any right it otherwise would have to object to

7  disclosing or producing any information or item on any ground not addressed in this

8  Stipulated Protective Order. Similarly, no Party waives any right to object on any

9  ground to use in evidence of any of the material covered by this Protective Order.

10      12.3    Filing Protected Material. A Party that seeks to file under seal any

11  Protected Material must comply with Local Civil Rule 79-5. Protected Material may

12  only be filed under seal pursuant to a court order authorizing the sealing of the specific

13  Protected Material at issue. If a Party's request to file Protected Material under seal is

14  denied by the court, then the Receiving Party may file the information in the public

15  record unless otherwise instructed by the court.

16  13.    FINAL DISPOSITION

17      After the final disposition of this Action, as defined in paragraph 4, within 60

18  days of a written request by the Designating Party, each Receiving Party must return all

19  Protected Material to the Producing Party or destroy such material. As used in this

20  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

21  summaries, and any other format reproducing or capturing any of the Protected

22  Material. Whether the Protected Material is returned or destroyed, the Receiving Party

23  must submit a written certification to the Producing Party (and, if not the same person

24  or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

25  category, where appropriate) all the Protected Material that was returned or destroyed

26  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

27  compilations, summaries or any other format reproducing or capturing any of the

28  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

23866

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

1   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

2   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

3   work product, and consultant and expert work product, even if such materials contain

4   Protected Material. Any such archival copies that contain or constitute Protected

5   Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

6   14.    **VIOLATION**

7   Any violation of this Order may be punished by appropriate measures including,

8   without limitation, contempt proceedings and/or monetary sanctions.

9   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

10   DATED:  August 20, 2024          COLLINS + COLLINS LLP

11                                    By:  _Robin M Nagele_____

12                                         ROBIN M. NAGELE
                                           MICHAEL L. WRONIAK
13                                         Attorneys for Defendants
14                                         CITY OF SIERRA MADRE, OFFICER
                                           SHAW, and GRANT CADZOW
15

16   DATED:  August 20, 2024          LAW OFFICES OF DO KIM, APLC

17
                                      By:  _/s/ James Do Kim_____
18                                         JAMES DO KIM
19                                         Attorney for Plaintiff
                                           MARCUS ALEXANDER
20                                         MURCHINSON

21

22   **FOR GOOD CAUSE SHOWN, IT IS ORDERED.**

23

24   DATED:  August 30, 2024

25

26   Alicia G. Rosenberg
     _____
27   HON. ALICIA G. ROSENBERG
     United States Magistrate Judge
28

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

23866

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on in

the case of Marcus Alexander Murchinson v. City of Sierra Madre, et al.

(2:22−cv−08099 DMG(AGRx). I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action. I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATED PROTECTIVE ORDER**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

*23866*

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,   )
                       )  ss.
County of Los Angeles. )

       I am employed in the County of Los Angeles.  I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, California 91101.

       On this date, I served the foregoing document described as **STIPULATED PROTECTIVE ORDER** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐   **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐   **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒   **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on the designated recipients listed on the attached service list through the Court's ECM/CF electronic service and filing system.

☐   **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐   **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

    Executed on **August 20, 2024**  at Pasadena**,** California.

☒   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____

Debbie Parker
dparker@ccllp.law

**COLLINS + COLLINS**LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111

23866

15

**STIPULATED PROTECTIVE ORDER**

1

**MARCUS ALEXANDER MURCHINSON v. CITY OF SIERRA MADRE, et al.**
**United States District Court-Central District of California Case Number: 2:22-cv-08099-DMG-JEM**
**CCLLP File Number: 23866**

2

3

**SERVICE LIST**

4

James Do Kim, Esq.
LAW OFFICES OF DO KIM, APLC
3435 Wilshire Boulevard, Suite 2700
Los Angeles, CA  90010
T: (213) 251-5440
dkim@dokimlaw.com
**ATTORNEYS FOR PLAINTIFF MARCUS ALEXANDER**
**MURCHINSON**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*23866*

**STIPULATED PROTECTIVE ORDER**

COLLINS + COLLINS LLP
790 E. Colorado Blvd., Suite 600,
Pasadena, CA 91101
T: (626) 243-1100
F: (626) 243-1111